**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**v.** **No. 4:19-cr-688-DPM-1-6**

**LYNDA CHARLES; ROSIE BRYANT; DELOIS BRYANT; BRENDA SHERPELL; NIKI CHARLES; and EVERETT MARTINDALE** **DEFENDANTS**

**ORDER**

**1. Motion to Dismiss.** The Bryant sisters move to dismiss the indictment because the United States didn't charge them until 2019. *Doc. 118.* They argue that they were charged outside the applicable statutes of limitation, that the delay in charging them violated their statutory and constitutional speedy trial rights, and that they'll be prejudiced by the pre-indictment delay. Niki Charles joins their motion. *Doc. 125-1.*

***Statutes of Limitation.*** The Bryant sisters first argue that the indictment in this case fell outside the relevant statutes of limitation. The motion is aimed primarily at the indictment's eight mail fraud counts. *Doc. 1 at 1–16.* The sisters make no solid argument about the statutory periods for Counts 9–115; and the Court sees no defect in the timing of those charges.

As to the mail fraud counts, the Bryant sisters argue that the alleged crimes "were completed when the last overt act of the crimes was completed by the defendants as alleged in the indictment." *Doc. 150 at 1.* That would be true for a conspiracy charge. *United States v. Bennett*, 765 F.3d 887, 895 (8th Cir. 2014). But Counts 1–8 charge aiding and abetting mail fraud. 18 U.S.C. §§ 1341 & 2. Binding Eighth Circuit precedent holds that the statute of limitations for mail fraud begins to run on the date of the mailing. *Bennett*, 765 F3d at 893–94; *United States v. Pemberton*, 121 F.3d 1157, 1163 (8th Cir. 1997). The mailings charged in Counts 1–8 of the indictment occurred between July 2015 and January 2016—all within the applicable five-year statute of limitations. *Doc. 1 at 16.* The Bryant sisters' argument therefore fails.

***Speedy Trial.*** The Bryant sisters also argue that the delay in bringing this case violated their rights under the Speedy Trial Act and the Fifth and Sixth Amendments. These arguments also lack merit.

The sisters' statutory right to a speedy trial attached at the time of their indictment. 18 U.S.C. § 3161(c). Since then, the trial date has been continued twice; and both periods of delay were excluded by the Speedy Trial Act. *Doc. 43 & 78*; 18 U.S.C. § 3161(h)(6) & (h)(7)(A) & (B). The Bryant sisters didn't object to either continuance; and they haven't shown that excluding these two delays from the statute's calculation was improper. Their statutory argument therefore fails.

The Sixth Amendment right to a speedy trial also attached at the time of indictment. *United States v. Sprouts*, 282 F.3d 1037, 1042 (8th Cir. 2002). When trial begins in February, about twenty-six months will have passed since indictment. While this delay is lengthy, "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." *Barker v. Wingo*, 407 U.S. 514, 531 (1972). Further, more than half of that delay is attributable to the Bryant sisters' own request for a continuance. *Doc. 73-1 & 78.* The other half came at co-defendant Martindale's request. *Doc. 37 & 43.* The Bryant sisters did not object to that continuance and did not object to the length of either continuance. Instead, they waited until four months before trial to assert their Sixth Amendment right. Finally, while the Bryant sisters have alleged some prejudice due to the deaths of various witnesses, many of those deaths occurred before the indictment—a matter of Fifth Amendment due process rather than Sixth Amendment speedy trial—or occurred during the period of delay for which the sisters themselves are responsible. *Doc. 119 at 3–5.* Balancing all the relevant factors, the Court sees no Sixth Amendment violation. *Barker*, 407 U.S. at 530–33.

That leaves the core of the Bryant sisters' argument: pre-indictment delay. To show that this delay violated their Fifth Amendment due process rights, the sisters must show actual,

substantial prejudice to their right to a fair trial. *United States v. Bartlett*, 794 F.2d 1285, 1289 (8th Cir. 1986).

The sisters argue that they'll be prejudiced because if they'd been charged sooner, twenty-four witnesses who've since died could have offered exculpatory testimony. *Doc. 119 at 3–5*. They've fallen short of showing actual prejudice, though. The testimony they say these witnesses could have provided is vague or only marginally relevant. None of it is clearly tied to a claim, tax return, or transaction at issue in the indictment. Further, the Bryant sisters haven't shown that the proffered testimony is unavailable through other sources. *Bartlett*, 794 F.2d at 1290. For example, the sisters note that several of these witnesses attended meetings; but they make no effort to show why other attendees couldn't testify about what happened at those meetings. Because the Bryant sisters haven't shown actual, substantial prejudice, their Fifth Amendment argument fails. The motion to dismiss, *Doc. 119*, is denied.

**2. Motions to Sever.** Everett Martindale moves to be tried separately from the Bryant sisters. *Doc. 126*. Martindale argues that he's been improperly joined under Rule 8(b) and, alternatively, that Rule 14(a) warrants a severance to avoid prejudice. The Bryant sisters echo this point. *Doc. 130*.

The motions to sever are denied. First, joinder is proper under Rule 8. Martindale and the Bryant sisters are all alleged to have participated in the same scheme to submit false claims. The United States doesn't allege that Martindale participated in any alleged tax fraud or money laundering. But those offenses are nonetheless related to the false claims; and "not every defendant joined must have participated in every offense charged." *United States v. Delpit*, 94 F.3d 1134, 1143 (8th Cir. 1996); FED. R. CRIM. P. 8(b).

Second, there is no prejudicial joinder under Rule 14. Generally, co-defendants who are "jointly indicted on similar evidence from the same or related events should be tried together." *United States v. Adkins*, 842 F.2d 210, 211 (8th Cir. 1988). That is true even when evidence against one co-defendant may be more damaging than that against another and even when co-defendants have different degrees of culpability. *United States v. Hively*, 437 F.3d 752, 765 (8th Cir. 2006); *United States v. Jackson*, 549 F.2d 517, 525 (8th Cir. 1977).

Martindale and the Bryant sisters haven't overcome this strong presumption in favor of a joint trial. While this will be a long trial, the offenses involved sort neatly into a few categories: mail fraud, tax fraud, and money laundering. Further, the Court will instruct the jury more than once that it must consider each count and each defendant's guilt separately. With these instructions, the jury can adequately

compartmentalize the evidence and give both Martindale and the Bryant sisters a fair trial.

Finally, the possibility of antagonistic defenses doesn't warrant a severance here either. Conflicting defenses require severance "only when there is a danger that the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty." *United States v. Anderson*, 783 F.3d 727, 743 (8th Cir. 2015) (quotation omitted). "It is not sufficient that one defendant be taking the position that he knew nothing of the crime while asserting that his codefendant was involved." *United States v. Lynch*, 800 F.2d 765, 768 (8th Cir. 1986).

Martindale says the theory of his defense is that he relied on the Bryant sisters' claimed expertise and on their representations that they'd investigated and verified the relevant claims. *Doc. 126 at 10*. He's concerned that the Bryant sisters may claim reliance on his experience as an attorney and blame him for any fraudulent claims. Notably, though, the Bryant sisters haven't confirmed that this is their theory. Instead, they argue that their defense will conflict with Martindale's because of "the alleged cross-implicating nature of the documents received during discovery." *Doc. 131 at 2*. This allegation is too vague and speculative for the Court to conclude that the defenses are truly irreconcilable. The motions to sever, *Doc. 126 & 130*, are therefore denied.

**3. Grand Jury Disclosure.** The Bryant sisters also move for disclosure of grand jury material. The United States has already disclosed grand jury witness statements. But the Bryant sisters seek exhibits, court Orders, minutes, and any other records. They claim that the grand jury may have exceeded the time limits set out in Rule 6(g) because "it appears and seems more than apparent that grand jury matters here were conducted or entertained from about 2012 until 2019, but certainly between 2015 until 2019." *Doc. 121.* Nothing in the single-page motion, though, explains how or why that is apparent. Without more, the Court can't conclude that the Bryant sisters have shown "particularized need" for additional grand jury materials. *United States v. Warren*, 16 F.3d 247, 253 (8th Cir. 1994). The motion, *Doc. 121*, is therefore denied.

* * *

The motions to dismiss, to sever, and for disclosure of grand jury materials are denied. *Doc. 118, 121, 126 & 130.* The remainder of Niki Charles's paper joining the motion to dismiss, *Doc. 125-1*, is also denied.

So Ordered.

D.P. Marshall Jr.
United States District Judge

23 November 2021