IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                PLAINTIFF

v.                       No. 4:19-cr-688-DPM-1-5

LYNDA CHARLES; ROSIE BRYANT;
DELOIS BRYANT; BRENDA SHERPELL;
and NIKI CHARLES                                        DEFENDANTS

ORDER

The Bryant sisters move to suppress evidence seized pursuant to six search warrants issued in this case. *Doc. 116*. They allege that the warrants were based on false information and on information learned in an unconstitutional search. By separate motion, they also move to suppress cell data that they believe the United States unlawfully obtained. *Doc. 122*. Niki Charles joins both motions. *Doc. 125-1*.

**1. Background.** In the summer of 2017, Magistrate Judges in Arkansas and Texas issued search warrants for six properties: Destiny by Design, described as a "residence or office building" in Park Hill; Everett Martindale's law office; Lynda Charles's home; Rosie Bryant's home; and two homes tied to Delois Bryant. The affidavits underlying those warrants included details about the Defendants' alleged scheme to submit false claims in two USDA claim programs—the Black Farmers Discrimination Litigation settlement and the Hispanic and

Women Farmers and Ranchers claim program. The affidavits also described a scheme to file false tax returns in order to recover taxes withheld from claim payments.

The papers submitted when requesting the search warrant were lengthy; but two pieces are at issue here. First, when applying for five of the six challenged search warrants, the United States submitted a motion to seal that stated, "As set forth in the Affidavit, this matter concerns allegations of drug trafficking." *Doc. 117-1*. It's undisputed that this was not true. *Doc. 139 at 4*. Second, two paragraphs in each affidavit described a trip that Special Agent Kevin Porter made to Destiny by Design. According to the affidavit, the house "appeared to be an old house that was being used as an office." *Doc. 117-2*. Porter knocked several times without answer. He then looked through a front window of the house and saw a piece of paper with names and numbers. He recognized some of the names as HWFR claimants and believed the numbers were claim numbers. He recorded several names and numbers with a digital recorder; and an investigator later confirmed that the names recorded matched those of HWFR claimants. Based on these two alleged defects in the warrant papers, the Bryant sisters and Niki Charles argue that evidence seized in all six searches must be suppressed.

During the investigation of this case, the United States also issued subpoenas to two cell phone companies. The Bryant sisters and Niki Charles move to suppress "electronic and cellular data" produced in response to those subpoenas, arguing that it was unconstitutional to get this information by subpoena rather than warrant. *Doc. 122 at 1.*

**2. Niki Charles.** Niki Charles filed a catch-all motion joining several co-defendants' motions in this case. *Doc. 125-1.* A defendant seeking suppression bears the burden of proving that she had a legitimate expectation of privacy that the challenged search violated. *United States v. Mosley*, 878 F.3d 246, 255 (8th Cir. 2017). Niki Charles hasn't alleged a connection to any of the six places searched in this case; and she hasn't alleged that any of the challenged cellular records are hers. Without more particulars, she lacks standing to challenge the search warrants or cellular data in this case. The slices of her motion joining *Doc. 116* and *Doc. 122* are therefore denied without prejudice.

**3. False Information.** The Bryant sisters argue that the Court must suppress physical evidence in this case because the six challenged warrants were issued based on false information—namely, the United States' mention of drug trafficking in its motion to seal the warrant papers. This argument is unpersuasive. First, the line at issue is found just in the motion to seal. Nothing in the lengthy affidavit submitted in support of each warrant mentions drug trafficking. It's unlikely that

either Magistrate Judge was misled or confused by this erroneous sentence. Second, there's no indication that the United States deliberately or recklessly included this statement. *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978). Instead, it appears this was the kind of mistake often made when one recycles previously filed papers. Finally, a warrant is invalid only if the allegedly false statement was necessary to the finding of probable cause. *Ibid*. That isn't the situation here. Setting the drug trafficking sentence to one side, as *Franks* requires, there was still probable cause for each search warrant. This slice of the Bryant sisters' motion therefore fails.

**4. Unlawful Search.** The Bryant sisters also argue that Agent Porter's looking through the front window of the Destiny by Design house was a warrantless "search" within the meaning of *Florida v. Jardines*, 569 U.S. 1 (2013). Because each warrant included the information gleaned from this "search," they argue that evidence seized pursuant to all six search warrants must be suppressed. The Court will address the warrants in three chunks.

*Destiny by Design.* None of the Bryant sisters has established standing to challenge a search of 105 East F. Avenue. The affidavit alleges that this address was owned by Destiny by Design, a nonprofit entity set up by one or more of the Bryant sisters. *Doc. 139-3 at ¶¶ 62–66*. Eight claimants reported meeting with the sisters at this

-4-

address to discuss their applications or claim checks. *Doc. 139-3 at* ¶ 44. Being an organizer or officer of a corporation, though, does not automatically confer standing to challenge a search of corporate property. *United States v. SDI Future Health, Inc.*, 568 F.3d 684, 693–98 (9th Cir. 2009); *United States v. Mohney*, 949 F.2d 1397, 1403–04 (6th Cir. 1991); *see also United States v. Allison*, 619 F.2d 1254, 1258–60 (8th Cir. 1980). And the Bryant sisters haven't established that any of them owned the property, lived there, worked there, had any possessory interest in the papers or items seized, or otherwise had a personal expectation of privacy that was violated. It was their burden to do so. *Mosley*, 878 F.3d at 255. Their challenge to this search therefore fails.

***Everett Martindale's Office.*** The United States says that 902 West 2nd Street was Everett Martindale's law office. The Bryant sisters haven't disputed this; and they haven't alleged any connection to the office that would confer standing. This challenge fails, too.

***The Bryant Sisters' Homes.*** The remaining four warrants authorized searches of Lynda Charles's home, Rosie Bryant's home, and two residences tied to Delois Bryant. As a threshold matter, none of the Bryant sisters has established standing to challenge the searches of her sisters' homes. But of course Lynda Charles, Delois Bryant, and Rosie Bryant may challenge searches of their respective residences.

The sisters argue that, because each warrant affidavit included the information gleaned from Agent Porter's allegedly unlawful search, the evidence seized in the searches of their respective homes must be suppressed. But, even assuming a Fourth Amendment violation, suppression is not always the remedy. Instead, "[t]he sufficiency of a warrant affidavit which contains information from an unlawful search is evaluated after deleting that information." *United States v. Hernandez Leon*, 379 F.3d 1024, 1027 (8th Cir. 2004).

Excluding the challenged information—that Agent Porter saw a list of names at 105 East F. Avenue that were later matched to the names of HWFR claimants—the affidavits still provided probable cause to search these four homes. Each affidavit laid out in detail allegations about the sisters' allegedly helping folks submit false claims, being paid a portion of settlement payments, assisting some claimants with false returns in an effort to recover taxes withheld from their settlement checks, and being paid a portion of refunded taxes. Each affidavit also noted that money from HWFR claimants had been deposited into the Bryant sisters' bank accounts and that financial records for those accounts had been mailed to each of the addresses to be searched. Finally, each affidavit stated that crimes like those alleged often generate a lot of paper and that bank statements, checks, and computers or storage media with records are often found at or near one's residence

or place of business. Given all this, the two paragraphs about Agent Porter's peeking inside Destiny by Design were not crucial to the Magistrate Judge's probable cause finding. The Bryant sisters' challenges to the searches of their individual homes therefore fail, too.

**5. Other Warrant Searches.** The Bryant sisters also ask the Court to suppress evidence seized pursuant to any other warrant that was issued based on inaccurate or misleading information. *Doc. 116 at 1*. This catch-all request is not "sufficiently definite, specific, detailed, and nonconjectural" to merit a hearing. *United States v. Mims*, 812 F.2d 1068, 1073–74 (8th Cir. 1987). It is therefore denied.

**6. Cell Data.** The Bryant sisters ask the Court to suppress all "electronic and cellular data" obtained without a warrant in this case. *Doc. 122*. This part of the motion is vague. It doesn't identify whose cellular data the United States obtained, which is key to proving standing; and it doesn't identify what types of records the phone company provided. The motion relies primarily on citation to *Carpenter v. United States*, 138 S. Ct. 2206 (2018).

The Court in *Carpenter* excluded a particular type of cellular record—cell-site location information covering an extended period. It did so because "an individual maintains a legitimate expectation of privacy in the record of his physical movements[.]" *Carpenter*, 138 S. Ct. at 2217. Here, though, the United States says that the phone companies

didn't produce any cell-site location information in response to its subpoenas; and the Bryant sisters haven't identified any records they believe fit that bill. Further, they haven't pointed to any authority requiring a warrant for non-location cell records, such as subscriber information or toll records, or provided a persuasive argument for extending *Carpenter* to those records. Their motion to suppress cell data, Doc. 122, is therefore denied.

*   *   *

The Bryant sisters' motions to suppress, Doc. 116 & 122, and the slice of Niki Charles's paper joining those motions, Doc. 125-1, are denied.

So Ordered.

*signature*
D.P. Marshall Jr.
United States District Judge

23 November 2021