# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                         **PLAINTIFF**

v.                          No. 4:19-cr-688-DPM-1-4

**LYNDA CHARLES; ROSIE BRYANT;**
**DELOIS BRYANT; and**
**BRENDA SHERPELL**                                                  **DEFENDANTS**

## ORDER

Lynda Charles, Rosie Bryant, Delois Bryant, and Brenda Sherpell have all filed motions to reduce their sentences. They make the same argument. Each sister argues that she is entitled to a reduced sentence based on a recent retroactive amendment to the Sentencing Guidelines for certain zero-point offenders. *See* USSG § 4C1.1.

The amendment doesn't apply to Delois Bryant. She received a criminal history point for a 2002 forgery conviction in Faulkner County Circuit Court. USSG § 4C1.1(a)(1). Whether the amendment applies to Lynda, Rosie, and Brenda is debatable. It excludes defendants who personally caused substantial financial hardship. USSG § 4C1.1(a)(6). The sisters conspired to defraud federal programs established to compensate black, Hispanic, and women farmers for past discrimination. They stole millions of dollars. But, under the amendment's definition of the term, they may not have technically

caused a "substantial financial hardship." *See* Application Note 4(F) to USSG § 2B1.1.

There are two reasons, however, why Lynda, Rosie, and Brenda are not entitled to a sentence reduction. First, each sister waived her right to have her sentence modified based on a change to the guidelines. *See Doc. 233 at 3* (Lynda); *Doc. 235 at 3* (Rosie); and *Doc. 239 at 3* (Brenda); *see also Doc. 237 at 3* (Delois). Second, in each of their cases, the Court varied from the Sentencing Guidelines and imposed a two-year sentence. Even after applying the amendment, each sister's guideline range—fifty-one to sixty months for Lynda and Rosie and forty-one to fifty-one months for Brenda—remains much higher than the sentence they received. All material things considered, the sentence imposed was the just and fair sentence in each case. The motions, *Doc. 411, 412, 413 & 414,* are therefore denied. 18 U.S.C. § 3582(c)(2).

So Ordered.

*NPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

15 December 2023